NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT V. BAER, | : | |
| Plaintiff, | : | Civ. No. 02-2334 (JAP) |
| v. | : | **ORDER** |
| DAVID CHASE, et al., | : | |
| Defendants. | : | |

Presently before the Court is a motion *in limine* filed by Defendants David Chase ("Chase") and DC Enterprises, Inc. to exclude certain evidence from trial. This motion follows this Court's Opinion and Order on Defendants' motion to limit damages, entered on April 27, 2007. *Baer v. Chase*, 2007 WL 1237850 (D.N.J. 2007). In that Opinion, the Court found that

> during the summer and fall of 1995, when Chase was developing the idea for a television series and working on the pilot story, [Plaintiff Robert V. Baer ("Baer")] filled roles that could fairly be characterized as location scout, researcher, and consultant. Indeed, it is undisputed that Baer showed Chase various locations in northern New Jersey, introduced Chase to individuals who shared facts and stories with him, answered questions that Chase posed about organized crime, conducted research, and offered comments on the first script of *The Sopranos*. It is further undisputed that those services are compensable in quasi-contract and that Baer is entitled to engage in discovery and present evidence, including expert discovery and evidence, regarding the value of those services. It is law of the case, however, that the *ideas* for which Baer seeks compensation are not novel, exist in the public domain, and concern facts he did not provide. It is the law of New Jersey, moreover, that he may not recover in quasi-contract for such ideas—or for the service of conveying, developing, or shaping the ideas. Therefore, the Court holds that Baer is precluded from (1) recovering in quasi-contract both for the service of providing ideas to Chase and for the ideas themselves; (2) seeking discovery, including expert discovery, concerning the value of any idea he alleges he provided to Chase; and (3) offering evidence, including expert opinions, reports and testimony, regarding the

value of those ideas.

[*Id.* at *5 (footnote omitted).]

In accordance with that Opinion, the proofs in trial in this case can be appropriately limited to what is relevant to the permissible claims. Accordingly, the Court finds that it is improper for Baer to introduce at trial proofs of any of the following general matters:

(1) Baer's claim that he suggested to Chase that Chase shoot movies or television shows about crime in New Jersey and North Jersey mobs, modeled on the DeCalvacante Family;

(2) Any specific organized-crime-related information given to Chase directly or indirectly by Thomas Koczur, Robert Jones, Antonio Spirito or any other non-party;

(3) Any of Baer's own purported "ideas" or "suggestions" regarding Chase's potential development of characters, situations, or plots from the information provided by others; and

(4) Baer's claim that he suggested and advised Chase how to best shape and develop those ideas.

Therefore, pursuant to the Court's authority to manage and control the case, and for good cause shown, the Court finds it appropriate to specifically limit the parties' submissions of evidence to that which is probative and relevant to the cause of action, and, thus, **IT IS**

**ON** this 20th day of November, 2007,

**ORDERED** that Defendants' Motion *in limine* (Dkt. # 106) is **GRANTED**; and it is further

-2-

**ORDERED** that Baer may introduce evidence to support his claim for *quantum meruit* for his services to Chase as location scout, researcher, and consultant; and it is further

**ORDERED** that Baer is specifically precluded from testifying, eliciting testimony, introducing evidence, or making references in questions to witnesses, during opening statements, closing arguments, or at any time in the presence of the jury, concerning any of the following:

(1) Any idea, suggestion, recommendation, or advice to create a film or television show about crime in New Jersey, to shoot movies or television shows about crime in New Jersey and North Jersey mobs modeled on the DeCalvacante Family, or concerning stories about crimes and crime syndicates in New Jersey;

(2) All specific factual information about crime, criminals, mobsters, organized crime, criminal organizations, criminal syndicates, and the law provided to Chase by Baer, Koczur, Jones, Spirito, Urbanczyk, Khoury, Wisnewski, Fitzgerald, Vitelli, or any other friend, acquaintance, or colleague of Bear's;

(3) Any idea, suggestion, recommendation, or advice to base the "Tony Soprano" character on Tony Spirito, or any assertion that "Tony Soprano" is based on Spirito;

(4) Any idea, suggestion, recommendation, or advice about incorporating Tony Spirito's personal history into a storyline involving a feud between the son of a deceased mobster and his uncle, and/or an alliance between the son's mother and uncle(s), and/or loss of a business due to loan-sharking debts;

(5) Any assertion that the relationships among "Tony Soprano," "Livia Soprano," and "Corrado 'Uncle Junior' Soprano" are based on Tony Spirito's personal history;

(6) Any idea, suggestion, recommendation, or advice to base a character on Morris Levy, and all factual information about Levy provided to Chase by Baer, Jones, or others;

(7) Any idea, suggestion, recommendation, or advice to use the names "Little Pussy" and "Big Pussy" Russo;

(8) Any idea, suggestion, recommendation, or advice concerning Mafia involvement in the carting or waste management industry;

(9) Any idea, suggestion, recommendation, or advice concerning "turf wars," and any assertion that the inspiration for a "turf war" storyline in *The Sopranos* pilot episode was the result of Chase's meeting with Koczur;

(10) Any idea, suggestion, recommendation, or advice concerning loan-sharking, and any assertion that the inspiration for a storyline in the pilot episode in which a character named "Spiros" loses his business due to a loan-shark debt came from Chase's meetings with Spirito, Koczur, and Jones;

(11) Any idea, suggestion, recommendation, or advice concerning cutout schemes, and any assertion that the inspiration for a storyline in the pilot episode in which "'Uncle Junior' Soprano" concocts a cutout scheme involving frequent flier miles was a story told to Chase by Jones;

(12) Any assertion that the inspiration for "Tony Soprano" to tell his daughter, "Meadow," that a church was built by their relatives was a story told to Chase by Koczur;

(13) Any assertion that the inspiration for "Hesh Rabkin's" horse farm was a story

>Chase was told by Jones about Morris Levy's horse farm;

(14) Any idea, suggestion, recommendation, or advice concerning strip clubs, and any assertion that the inspiration for the "Bada Bing" was a visit Chase paid with Baer and Koczur to a strip club in Newark, New Jersey;

(15) Any assertion that the inspiration to use the Packanack Country Club in the pilot script was Chase's relationship with Baer and Urbanczyk, both of whom were from Packanack Lake in Wayne, New Jersey;

(16) Any idea, suggestion, recommendation, or advice concerning the relationship between the Mafia and the Church; and

(17) The financial success of *The Sopranos* or Chase's own earnings from the show; and it is further

**ORDERED** that, in the event that Robert Jones, Thomas Koczur, and Antonio Spirito testify, their testimony is limited solely to the factual circumstances of the meetings with Chase and/or Baer and cannot extend to any idea, suggestion, recommendation, or advice Jones, Koczur, and Spirito offered to Chaser and/or Baer because such ideas, suggestions, recommendations, and advice are not relevant or probative to Baer's cause of action; and it is further

**ORDERED** that Baer's expert witness, John Agoglia, is barred from (A) attributing any value to, and/or (B) testifying as to any opinion that Baer is entitled to compensation for: (i) any stories, information, and/or personal experiences relating to the North Jersey Mafia told to Chase by non-parties; (ii) Baer providing Chase with information and/or stories relating to the North Jersey Mafia; or (iii) Baer making suggestions and/or giving advice to Chase regarding themes,

characters, and/or stories.

        /s/ Joel A. Pisano
        JOEL A. PISANO, U.S.D.J.

Orig: Clerk
cc: All parties, File